**United States District Court**
**District of Massachusetts**

|                                   |   |                                    |
|-----------------------------------|---|------------------------------------|
| **LAWRENCE P. NOVAK,**            | ) |                                    |
|                                   | ) |                                    |
| Plaintiff,                        | ) |                                    |
|                                   | ) |                                    |
| v.                                | ) | **Civil Action No.**               |
|                                   | ) | **13-11244-NMG**                   |
| **BANK OF NEW YORK MELLON TRUST** | ) |                                    |
| **CO. and SELECT PORTFOLIO**      | ) |                                    |
| **SERVICING, INC.,**              | ) |                                    |
|                                   | ) |                                    |
| Defendants.                       | ) |                                    |
|                                   | ) |                                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff alleges that the defendant bank wrongfully

foreclosed on his residential property in Boston.  Lawrence

Novak ("Novak" or "plaintiff") filed suit against Bank of New

York Mellon Trust Co. ("BNY") and Select Portfolio Servicing,

Inc. ("SPS"), bringing 20 claims of various stripes concerning a

mortgage originated by BNC Mortgage, Inc. ("BNC"), assigned to

BNY and serviced by SPS.  SPS and BNY moved to dismiss for

failure to state a claim and Novak filed several unrelated

motions.  Novak, a pro se plaintiff and lawyer, has filed a

complaint that has no structure or clarity and many of his

claims have no basis in law and are inapplicable to the case at

bar.

## I. **Facts**

The undisputed material facts of this case are few and can be summarized briefly. Novak purchased 1161 Commonwealth Ave., Unit B ("the property") in 1981 and mortgaged it in 2000 with BNC. At some point in the 1990's Novak conveyed the property to the Fairfax Realty Trust and, in 2009, BNC assigned the mortgage to BNY. Thereafter, BNY foreclosed, presumably because Novak ceased to pay the mortgage installments.

On May 2, 2013, Novak filed a complaint against BNY and SPS in the Massachusetts Superior Court for Suffolk County wherein he alleged, among many other things, that the mortgage was improperly serviced and the foreclosure was wrongful. Defendants removed to federal court and moved to dismiss. In a form of buckshot pleading, plaintiff moved to amend the complaint, to remand, to amend the motion to remand, to disqualify defense counsel and their law firm, to strike all of defendants' pleadings or, in the alternative, to stay the proceedings, to amend the amended complaint and for leave of court to submit supplemental pleadings.

## II. **Motion to dismiss**

Defendants SPS and BNY moved to dismiss all of plaintiff's claims. For ease of analysis, Novak's claims are analyzed out of numerical order in the following categories: common law

-2-

claims, contract claims and statutory claims.[1] Although
plaintiff refers to various "grounds" for his requested relief,
the Court interprets these as the counts in his complaint.

## A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P.
12(b)(6), a complaint must contain "sufficient factual matter"
to state a claim for relief that is actionable as a matter of
law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S.
662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007)).  A claim is facially plausible if, after
accepting as true all non-conclusory factual allegations, a
court can draw the reasonable inference that the defendant is
liable for the misconduct alleged. Ocasio-Hernandez v. Fortuño-
Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not
disregard properly pled factual allegations even if actual proof
of those facts is improbable. Id.  Rather, the relevant inquiry
focuses on the reasonableness of the inference of liability that
the plaintiff asks the court to draw. Id. at 13.  When rendering
that determination, a court may not look beyond the facts
alleged in the complaint, documents incorporated by reference
therein and facts susceptible to judicial notice. Haley v. City

---

[1] Novak's complaint refers to "defendant" and "mortgagee" often
without differentiation.  Because the only mortgagee presently a
party to this suit is BNY and not BNC, this Court will address
all claims against the mortgagee as being alleged against BNY.

of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A party claiming
fraud must state with particularity the circumstances
surrounding the fraud. Fed. R. Civ. P. 9(b).

### B. Application

#### 1. Common-law Counts

Novak's claim for relief based in fraud or common law are
for 1) mortgage induced by fraud; 2) fraud and deceit; 3)
misrepresentation and fraud; 4) civil conspiracy; 5) negligent
misrepresentation, negligent hiring and supervision and
vicarious liability; 6) abuse of civil process; 7) libel and
slander and 8) intentional infliction of emotional distress.

##### a. Mortgage induced by fraud, fraud and deceit and misrepresentation and fraud (Counts 2, 10 and 17).

Novak brings several claims involving alleged fraudulent
conduct by one or all of the defendants. He claims that 1) the
mortgage was induced by fraud, 2) BNY engaged in fraud and
deceit and 3) BNY engaged in misrepresentation and fraud. Novak
must allege, with sufficient facts, that any fraudulent
statements were knowingly false, made with the intent to deceive
and caused reliance by which he was injured. Doyle v. Hasbro,
Inc., 103 F.3d 186, 193 (1st Cir. 1996). The only support for
these claims is, however, Novak's contention that he was told
the interest rate was fixed when it was, in fact, variable.
This allegation is insufficient to meet the particularity

-4-

requirement of Fed. R. Civ. P. 9(b). Novak has not alleged that
the statement regarding the interest rate was knowingly false or
made with the intent to deceive. Counts 2, 10 and 17 will be
dismissed for failure to state a claim.

## b. Civil Conspiracy (Count 11)

Novak alleges that BNY and an unnamed mortgage broker
engaged in civil conspiracy to incur unwarranted and undisclosed
fees and, therefore, violated the Real Estate Procedure Act.[2]  To
succeed on a civil conspiracy claim in the mortgage context,
Novak must allege there was an agreement between the mortgagee
and the mortgage broker to commit a tortious act. Grant v. John
Hancock Mut. Life Ins. Co., 183 F. Supp. 2d 344, 361 (D. Mass.
2002). It can be enough in some instances to allege sufficient
facts that allow the proper inference that there was an
agreement in place. Dinco v. Dylex Ltd., 111 F.3d 964, 970 (1st
Cir. 1997). Novak has not, however, pled sufficient facts to
allow an inference of such an agreement between either BNC (the
originator of the loan) and the broker or between BNY and the
broker. Therefore, Count 11 will be dismissed for failing to
state a claim upon which relief can be granted.

---

[2] The Court presumes Novak's reference is to the Real Estate
Settlement Procedure Act (RESPA), 12 U.S.C. § 2601-2617.

### c. Negligent Misrepresentation, Negligent Hiring and Supervision and Vicarious Liability (Count 12)

Count 12 alleges negligent misrepresentation, negligent hiring and supervision and vicarious liability against BNY and SPS.  Novak claims that BNY charged him unwarranted fees and failed to supervise its servicer, SPS.  This claim lacks sufficient facts to find in plaintiff's favor because there is no allegation with respect to how the hiring or supervision process affected the fees Novak was charged nor has he identified the "unwarranted" fees he incurred because of SPS's alleged malfeasance.  Accordingly, Count 12 will be dismissed.

### d. Abuse of Civil Process (Count 15)

Novak claims that the mortgagee and its unnamed agents abused civil process because defendants did not serve a complaint on Novak or the Trustee.  In order to succeed on a claim of abuse of civil process, a plaintiff must allege that the process was used for an

ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

Hines v. Longwood Events, Inc., No. 08-11653, 2010 U.S. Dist. LEXIS 62259, at *25 (D. Mass. June 23, 2010) (citation omitted).  Novak has not alleged an ulterior purpose for any legal process.

-6-

Count 15 fails to state a claim and, therefore, will be dismissed.

### e. Libel and Slander (Count 16)

Novak alleges that the defendants engaged in libel and slander when he was reported to the Credit Bureau. Novak claims he was embarrassed, denied credit and portrayed in a false light. The Fair Credit Reporting Act ("FCRA") generally forbids consumers from bringing claims of defamation, invasion of privacy or negligence for reporting information to a credit reporting agency unless the information was furnished with malice or with a willful intent to harm a consumer. 15 U.S.C. § 1681h(e). Novak, however, has not alleged sufficient facts to sustain a claim of willfulness or malice. Therefore, his libel and slander claim (Count 16) will be dismissed.

### f. Intentional Infliction of Emotional Distress (Count 19)

Plaintiff also alleges intentional infliction of emotional distress by the defendants. To succeed on such a claim, a plaintiff must show that the defendant caused him severe emotional distress through extreme and outrageous conduct. Limone v. United States, 579 F.3d 79, 91 (1st Cir. 2009). It must be shown that defendant acted with the intent to cause distress and that he knew, or should have known, that extreme

-7-

emotional distress would result. Agis v. Howard Johnson Co., 371
Mass. 318, 318-19 (1976).  There is nothing in plaintiff's
complaint that would allow the Court to infer that either
defendant intended to cause him emotional distress.  The inquiry
need not continue because that deficiency is fatal and,
therefore, Count 19 will be dismissed.

### 2. Contract claims

Novak has alleged several contract claims: 1) wrongful
foreclosure, 2) breach of contract and 3) breach of fiduciary
duty.

### a. Wrongful foreclosure (Count 1)

Novak claims SPS wrongfully foreclosed on the property
because SPS never held title to it.  SPS counters that, as the
mortgage servicer, it was not required to hold title to the
mortgage at the time of foreclosure.  Mass. Gen. Laws ch. 183, §
21 allows for the mortgagee or its executors, administrators,
successors or assignees to exercise the statutory power of sale
and thereby foreclose.  As an administrator, SPS had the power
to foreclose on any property it serviced.  Accordingly, Count 1
will be dismissed.

### b. Breach of Contract (Count 8)

In his claim for breach of contract, Novak alleges that BNY
breached the covenant of good faith and fair dealing by not
disclosing the cost of the loan, not accurately reporting the

-8-

loan to the credit bureau once it was in dispute and failing to foreclose promptly after the mortgage payments were not made. Novak asserts that the conduct of SPS allowed it to run through the equity which, in turn, violated SPS's duty to act in good faith. Novak alleges contradictory foreclosure activities. He claims both that he was wrongfully foreclosed upon and that SPS did not foreclose soon enough. Those claims are not only tenuous, they are contradictory.

Novak correctly asserts that a mortgagee needs to act in good faith to protect the mortgagor's best interests. Williams v. Resolution GGF Oy, 417 Mass. 377, 382-83 (1994). However, as the mortgagor, he bears the burden of proving that BNY did not act in good faith. W. Roxbury Co-op Bank v. Bowser, 324 Mass. 489, 492 (1949). Novak has not met his burden because he has not pled any facts to support his claim. Count 8 will, accordingly, be dismissed.

#### c. Breach of Fiduciary Duty (Count 9)

Plaintiff claims that defendants breached their fiduciary duty by misrepresenting the price of the loan and failing to foreclose promptly. The relationship between a borrower and lender does not, however, create a fiduciary duty unless the borrower has reposed his trust and confidence in the lender and the lender acknowledges and accepts that trust. Famm Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 (1st Cir. 2009) (citation

omitted). Novak has not claimed that he reposed his trust and confidence in any of the defendants. This Court cannot conclude that defendants had a fiduciary duty toward Novak and, therefore, Count 9 will be dismissed.

### 3. Statutory Claims

Novak alleges violations of 1) the Real Estate Settlement Procedures Act, 2) the Federal Alternative Mortgage Transaction Parity Act, 3) the Fair Debt Collection Act, 4) the Truth in Lending Act, 5) the Fair Credit Reporting Act, 6) the Home Affordable Modification Act, 7) the Massachusetts Consumer Credit Cost Disclosure Act, 8) the Massachusetts Consumer Protection Act, Chapter 93A and 9) Mass. Gen. Laws ch. 183C §§3-4.

#### a. Real Estate Settlement Procedures Act (Count 3)

Novak alleges that he did not receive certain documents when the loan was originated in 2000 that would have divulged the fees and costs of the loan. When he received the documents in 2010, Novak discovered that the loan originator had charged him $20,000 in fees. He alleges that had he known of that charge, he would have rescinded the loan. Novak claims that such behavior is a violation of the Real Estate Procedure Settlement Act ("RESPA"), 12 U.S.C. § 2601-2617 and 24 C.F.R. § 3500.14. Novak does not specify which section of RESPA was allegedly violated and, therefore, the Court confines its

-10-

analysis to 12 U.S.C. § 2603 (a)-(b), mortgage disclosures, and § 2607, which is incorporated into the federal regulations.

Section 2603(a) requires forms to be given to the borrower that clearly disclose all charges imposed on him and § 2603(b) requires that those forms be made available to the borrower for inspection. While the First Circuit Court of Appeals has not considered whether there is a private right of action under § 2603, other circuits have explicitly held that it does not provide a private right of action because other sections of RESPA do, indicating Congress's intent to limit the private right of action accordingly. See, e.g., Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997). This Court will not create a new private right of action under this section.

Section 2607 of RESPA prohibits unearned fees. Novak has not alleged that the $20,000 fee was unearned; he simply claims that he was unaware of it at the loan's origination and that it was excessive. Novak has not pled sufficient facts to give rise to a claim under § 2607 and, therefore, his claim under RESPA will be dismissed.

### b. **Federal Alternative Mortgage Transaction Parity Act (Count 5)**

Plaintiff has failed to allege any facts concerning the alleged violation of the Federal Alternative Mortgage Transaction Parity Act. Simply stating that the mortgagee

-11-

failed to comply with the Act does not meet the requisite standard to survive a motion to dismiss. Count 5, therefore, fails as insufficiently pled and will be dismissed.

### c. Fair Debt Collection Practices Act (Count 7)

Plaintiff claims that the defendants improperly called him and which the Court interprets as a claim under the Fair Debt Collection Practices Act. See 15 U.S.C. § 1692. Harassing phone calls in relation to the collection of a debt are prohibited by § 1692(d). Novak has not claimed, however, that he or his family was harassed by any such phone calls; he simply states that calls were placed. Therefore, Count 7 will be dismissed for failure to plead sufficient facts.

### d. Truth in Lending Act (TILA) (Count 13)

Plaintiff claims BNY violated 12 U.S.C. § 3806 (Adjustable Rate Mortgage Caps) which states that "[a]ny violation of this section shall be treated as a violation of [TILA]." 12 U.S.C. § 3806(e). Novak does not, however, explain how the Adjustable Rate Mortgage Cap was violated. Rather, he suggests that TILA was violated because BNY was dishonest and failed to disclose information or follow procedures as required by TILA. Because plaintiff offers only bare assertions without factual support, Count 13 will be dismissed.

### **e. Fair Credit Reporting Act (Count 14)**

Plaintiff claims he placed "the account" in dispute (presumably referring to the mortgage account) because of issues with respect to the accuracy of the payments and reporting. BNY and SPS allegedly failed to follow the procedure set out by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by not investigating the alleged inaccuracies. Because BNY and SPS are considered furnishers of information under the act, the applicable section of the statute imposes certain duties upon them in case of a dispute. 15 U.S.C. § 1681s-2.

Novak has not, however, pled sufficient facts to entitle him to relief under the FCRA. To state a cause of action against a furnisher of information, a plaintiff needs to notify the credit reporting agency, not the furnisher of information, of the dispute on the account in question. The credit reporting agency then notifies the furnisher which must conduct a reasonable investigation and take action as required. Barrepski v. Capital One Bank, 439 Fed. App'x 11, 12 (1st Cir. 2011). Novak has not alleged that he contacted his credit reporting agency to place the account in dispute. Therefore, Count 14 will be dismissed for failure to comply with administrative procedures.

### f. **Home Affordable Modification Program (Claim 18)**

Plaintiff has alleged a violation of the Home Affordable Modification Program ("HAMP"), apparently against both BNY and SPS. Although plaintiffs generally have no private right of action under HAMP, this Court has found in the past that a plaintiff may bring a negligence claim for violations of HAMP guidelines because, under Massachusetts law, violations of statutes or regulations may constitute evidence of negligence. Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 311 (D. Mass. 2010). Novak has not, however, alleged a negligent breach of the HAMP guidelines. Accordingly, Count 18 will be dismissed.

### g. **Massachusetts Consumer Credit Cost Disclosure Act (Count 4)**

Plaintiff alleges that BNY violated the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws ch. 140D, by failing to disclose the cost of the mortgage and the originator's fee and by charging excessive fees. Novak claims that he would have rescinded the mortgage had he been aware of the fees at the time the loan was originated. Because he brings this claim against the mortgagee's assignee (BNY) and not the originator (BNC), he must claim that the alleged violation is apparent on the face of the disclosure, as required by Mass. Gen. Laws ch. 140D, § 33(d)(1)(i). See Sumner v. Mortg. Elec.

-14-

Registration Sys., No. 11-11910, 2012 U.S. Dist. LEXIS 104416,
at *8 (D. Mass. July 26, 2012).  A violation is apparent on the
face of the disclosure if

> the disclosure can be determined to be incomplete or
> inaccurate by a comparison among the disclosure
> statement, any itemization of the amount financed, the
> note, or any other disclosure of disbursement.

Mass. Gen. Laws ch. 140D §33(d)(1)(ii)(i).  Here, Novak has not
alleged that any violation is apparent on its face and,
therefore, Count 4 will be dismissed.

### h. Massachusetts Consumer Protection Act, Chapter 93A (Count 6)

Plaintiff alleges that BNY and its unspecified agents
violated the Massachusetts Consumer Protection Act, Mass. Gen.
Law ch. 93A, by misstating the loan's prime rate and charging
excessive fees.  This claim fails because BNY is a mortgage
assignee and Chapter 93A claims do not extend to assignees. See
Ford Motor Credit Co. v. Morgan, 404 Mass. 537, 545 (1989).
Accordingly, Count 6 will be dismissed.

### i. Predatory Home Loan Practices (Count 20)

Finally, plaintiff alleges that the mortgagee violated the
Massachusetts law against predatory home loan practices, Mass.
Gen. Laws ch. 183C § 3-4, which requires certification from a
counselor before a creditor disburses a high-cost home loan.  In
support, Novak merely states the conclusion that his mortgage
was a high cost loan.  This does not, however, constitute

-15-

sufficient facts for the Court to find that his mortgage was
"high cost" within the definition provided by M.G.L. c. 183C, §
2, which defines "high-cost loans" as those whose yield exceeds
the yield on United States Treasury securities by more than 8%.
Therefore, Count 20 will be dismissed.

### III. Motion to remand

Novak seeks to have this case remanded to Suffolk Superior
Court (Docket No. 28) because defendants allegedly did not
remove within 30 days of his notifying defense counsel of the
present action.  Novak claims he notified defense counsel on
March 28, 2013, rendering defendants' removal on May 21, 2013,
untimely.  Defendants dispute those dates, noting that the
Complaint was filed in Suffolk Superior Court on May 2, 2013,
rendering their removal on May 21 within the prescribed 30 days.
The Superior Court docket shows this to be true and plaintiff's
motion to remand will be denied.

### VI.  Motion to amend the motion to remand

In his subsequent motion to amend his motion to remand
(Docket No. 34), Novak propounds the opposite argument to his
previous motion.  Here, Novak argues that defendants
preemptively and prematurely removed the case to federal court.
He asserts, and defendants agree, that the action was removed to
federal court after the complaint was filed but before it was
served.  While the First Circuit Court of Appeals has not

-16-

considered the question of so-called premature removal, various sessions of this Court have, reaching a general consensus that nothing in the removal statute, 28 U.S.C. § 1146, proscribes removal before service. See, e.g., Lothrop v. N. Am. Air Charter, Inc., No. 13-102352013, U.S. Dist. LEXIS 97549, at *5 (D. Mass. July 11, 2013).  The Court finds no cause to depart from this reasoning and plaintiff's motion to amend the motion to remand will be denied.

## IV.  Motion to disqualify counsel

Plaintiff moves to disqualify the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans") and attorneys Peter Carr ("Attorney Carr") and Dorothy Davis ("Attorney Davis") from representing SPS (Docket No. 17).  First, Attorney Davis is not counsel of record to any of the parties in this action.  The motion to disqualify her is thus inapposite.

Novak alleges Attorney Carr's representation of SPS and BNY would violate the "lawyer as witness" rule enshrined in Rule 3.7 of the ABA Model Rules of Professional Conduct and Rule 5-101(B) of the Massachusetts Rules of Professional Conduct.  Moreover, Novak asserts that it is obvious from his amended complaint that the firm Eckert Seamans violated Mass. Gen. Laws ch. 93A.

The Court finds, however, that nothing is obvious from the original or amended complaint, including that Eckert Seamans committed any violations or that any alleged violation would

-17-

make either attorney a necessary witness in this case, as required by ABA Rule 3.7 and Massachusetts Rule of Professional Conduct 5-101(B). Therefore, plaintiff's motion to disqualify Eckert Seamans and Attorney Carr will be denied.

### V.   Motion to strike or to stay

Novak requests that the court strike all pleadings filed by Attorney Carr because the matter of remand is still pending (Docket No. 38). In the alternative, Novak requests the Court to stay the proceedings and allow the First Circuit to decide the remand issue. Because the motion to remand will be denied, it is unnecessary to decide plaintiff's motion to strike defendant's pleadings. Moreover, Novak has not made the required showing that he will suffer hardship if the case is not stayed. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Therefore, the motion to strike or stay will be denied.

### VI.   Motion to amend the amended complaint

Novak also moves to amend his complaint for a third time to add additional defendants (Docket No. 40). Because all of plaintiff's claims will be dismissed, the motion to amend the amended complaint will be denied as moot.

### VII. Motion for leave of court

Finally, Novak requests leave of Court to supplement his previous pleadings (Docket No. 43). Because all of his claims will be dismissed, the motion will be denied as moot.

**ORDER**

In accordance with the foregoing,

1) Defendant's motion to dismiss plaintiff's complaint (Docket No. 12) is **ALLOWED** and plaintiff's claims are **DISMISSED,** without prejudice;

2) plaintiff's motion to remand (Docket No. 28) is **DENIED;**

3) plaintiff's motion to amend the motion to remand (Docket No. 34) is **DENIED;**

4) plaintiff's motion to disqualify counsel (Docket No. 17) is **DENIED;**

5) plaintiff's motion to strike or to stay (Docket No. 38) is **DENIED;**

6) plaintiff's motion to amend the amended complaint (Docket No. 40) is **DENIED** as moot; and

7) plaintiff's motion for leave of Court (Docket No. 43) is **DENIED.**

**So ordered.**

*Nathaniel M. Gorton*

Nathaniel M. Gorton
United States District Judge

Dated November 27, 2013